UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL CLARK, JR.; B. LYNN CALLAWAY,

                Plaintiffs,

-vs-                                                    Case No. 2:09-cv-257-FtM-99SPC

CRAIG COFFEE individually and as former head
of Desoto County Code Division; SHELIA SAPP
individually; JORGE HERNANDEZ individually
and as head of Desoto County Code Division;
LESTER HORNBAKE individually and as head of
Desoto County Community Development;
SANDRA GREEN individually; KIMBERLY
ROUTT individually; TOM SOUTH individually;
JIMMY DEES individually,

                Defendants.
_____

**ORDER**

       This matter comes before the Court on the Plaintiffs, Noel Clark, Jr. and B. Lynn Callaway's "Motion to Allow Plaintiffs to Proceed *In Forma Pauperis* to have Plaintiffs' Motion to Recuse and Disqualify Magistrate Chappell and all of Magistrate Chappell's Orders, Reviewed by the Appellant Court Under Extreme Circumstances for a Writ of Mandamus" (Doc. #94) filed on January 19, 2010.

       There are two issues in the instant Motion, one, the Plaintiffs move to have the Magistrate Judge recuse herself or be disqualified, and two, the Plaintiff's move to proceed IFP before the appeals court.

## (1) Recusal

The Plaintiffs move the Court to recuse the undersigned and to have all of her orders vacated and to disqualify her. The Plaintiffs allege the undersigned committed a fraud upon the Court by her ruling on motions against the Plaintiffs and in favor of the Defendants.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Any doubt "must be resolved in favor of recusal." See Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001). When considering recusal, the potential conflict must be considered as it applies to the entire case. Id. at 1310-11. A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). However, a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require. United States vs. Malmsberry, 222F.Supp.2d 1345 (11th Cir. 2002) (citing United States vs. Greenspan, 26 F.3d 1001 (10th Cir. 1994)).

The Court does not find after a thorough review of the record that the Court's impartiality might reasonably be questioned based upon the facts cited in the Plaintiff's Motion. After reviewing the explicitly enumerated conflicts of interest in which recusal is mandatory under section 455(b), if the Court does not find that any apply, the judge is obligated to continue to preside over the case. *See* Lawal v Winners International Rests Co. Ops., Inc., 2006 WL 898180 at * 4 (N.D. Ga. April 6, 2006) (holding a trial judge has as much obligation not to recuse herself when there is no reason to do so as she does to recuse herself when the converse is true).

Section 28 U.S.C. 455(b) spells out certain situations in which partiality is presumed and recusal is required.[1] After reviewing the explicitly enumerated conflicts of interest in which recusal is mandatory under section 455(b), the Court does not find that any apply, and therefore, does not find good cause for recusal. Adverse rulings against a party does present good cause to recuse or disqualify a judge. Thus, the Motion is due to be denied.

### *(2) IFP*

The Plaintiffs also move the Court to proceed IFP to appeal all of the undersigned's orders to the Eleventh Circuit Court of Appeals. In this instance, the decisions of a Magistrate Judge are appealed to the District Court and not the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a). Since the Plaintiff has already been granted IFP status in this case, the Motion to Proceed IFP to appeal the undersigned's orders and rulings is due to be denied as moot.

Accordingly, it is now

**ORDERED:**

---

[1] Subsection 455 (b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."; 455 (b)(2): "[w]here in private practice [the judge] served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."; 455 (b)(3): where the judge "served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."; 455(b)(4): where a judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."; or 455(b)(5)(i): "[w]here he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... [i]s party to the proceeding, or an officer, director, or trustee of a party."; 455(b)(5)(ii): where the judge "or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... is acting as a lawyer in the proceeding."

The Plaintiffs, Noel Clark, Jr. And B. Lynn Callaway's Motion to Allow Plaintiffs to Proceed *In Forma Pauperis* to have Plaintiffs' Motion to Recuse and Disqualify Magistrate Chappell and All of Magistrate Chappell's Orders, Reviewed by the Appellant Court Under Extreme Circumstances for a Writ of Mandamus (Doc. #94) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 25th day of February, 2010.

*[Signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record